

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 9:06-CR-15** |
| **DEBRA GODWIN** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 17, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Debra Godwin, on **Count I** of the charging **Indictment** filed in this cause. Count I of the Indictment charges that on or about May 14, 2001,

1

in the Eastern District of Texas, the defendant, Debra Goodwin[1], made and presented to the Internal Revenue Service a claim upon and against the United States Department of Treasury that is, an income tax return for the year 2000, knowing that the claim was false, fictitious, and fraudulent in that the defendant provided her return preparer with a letter that purported to have been prepared and furnished by the compliance manager at Horseshoe Casino in Bossier City, Louisiana, stating that the defendant had federal income tax withheld in the amount of $44,454.00, in violation of Title 18, United States Code, Section 287. *See Indictment.*

Defendant, Debra Godwin, entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that

---

[1] The Indictment charges the Defendant as "Debra Goodwin." However, at the plea hearing, both parties represented that the correct spelling of her name is Debra Godwin. All other documents on file in this proceeding also refer to Defendant as "Godwin," the correct spelling of her name. Finally, the Defendant also agreed that the Government would be able to prove that she is one and the same person as charged in the Indictment, and the Government offered evidence in support.

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant Debra Godwin's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crimes charged under 18 U.S.C. § 287.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Resume.* If the case proceeded to trial, the Government and Defendant agreed that the Government would prove, beyond a reasonable doubt, each and every essential element of the charging offense, specifically that the defendant knowingly presented a fraudulent tax return in violation of 18 U.S.C. § 287. The Government would establish, through the sworn testimony and evidence, the following facts, as stated in the *Factual Resume*:

The Government would prove that on or about May 14, 2001, the defendant filed a false claim with the Internal Revenue Service when she submitted her income tax return from a location in Longview, Texas. Longview is within the Eastern District of Texas, and the Internal Revenue Service is an agency of the United States Department of Treasury.

The Government would further establish that the defendant provided a letter purported to

be from the Horseshoe Casino to an employee of H&R Block. This letter was relied upon by the employee to prepare and file the income tax return for tax year 2000. The letter indicated that the defendant had $44,454.00 in federal income tax withholding. The Government would present testimony from the compliance manager of the Horseshoe Casino establishing that this letter was false. The compliance manager would also provide every W-2G issued to the defendant for the 2000 tax year. The W-2G documents individual winnings and the amount of federal income tax paid by the defendant. The W-2Gs which document the winnings and federal income tax withheld for the defendant from the Horseshoe Casino would establish that the defendant did not have any federal income tax withheld in the 2000 tax year. The compliance manager would further state that she did not prepare the letter that the defendant provided to H&R Block. She would also be able to verify that the letter was false because the defendant did not have any federal income tax withheld as the letter indicated. Finally, evidence would show that the name on the signature line for the compliance manager of the Horseshoe Casino was incorrect as stated on the false letter. The name on the signature line is, in fact, the compliance manager's married name. At the time of the date on the false letter, the compliance manager was not married and had a different last name. Finally, the letter provided by the defendant did not have the compliance manager's signature. She would testify that she would not issue such a letter.

The evidence would further show that, for tax year 2000, the defendant had $3,853.00 in federal income tax withheld. Nonetheless, the defendant caused $48,307.00 of federal income tax withholding to be reported on her 2000 Form 1040. Subsequently, the defendant received a

federal income tax refund check of $15,013.00 based on the false federal income tax withholding she claimed.

In the 2001 tax year the defendant received a federal income tax refund of $36,057.00. In the 2002 tax year the defendant received a federal income tax refund of 40,498.00. In the 2003 tax year the defendant received a federal income tax refund check for $47,046.00. All these refunds were received after the defendant made a false claim to the Internal Revenue Service.

Defendant, Debra Godwin, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in **Count I** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[2] Accordingly, it is further recommended that, Defendant, Debra Godwin, be finally

---

[2] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the

adjudged as guilty of the charged offenses under Title 18, United States Code, Section 287.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw her guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written

---

extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of August, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE